Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001107
03-MAY-2013
07:47 AM

NO. CAAP-12-0001107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIE D. TROTTER, Petitioner-Appellant, v.
STATE OF HAWAI'I, HAWAI'I CRIMINAL JUSTICE DATA CENTER,
Respondent-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2174-08)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Petitioner-Appellant Willie D. Trotter (Appellant Trotter) has asserted from the Honorable Edwin C. Nacino's "Findings of Fact, Conclusions of Law and Order Denying Petition for Relief from Sex Offender Registration Requirements Pursuant to H.R.S. §846E-10" (FOF/COL/Order), filed on December 5, 2012, because the FOF/COL/Order is not eligible

for appellate review in the absence of a final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (1993). The Hawai'i Supreme Court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The December 5, 2012 FOF/COL/Order is not a judgment. On February 11, 2013, the circuit court clerk filed the record on appeal, which did not contain a final judgment. Absent an appealable final judgment, Appellant Trotter's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0001107.   Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001107 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **May 3, 2013.**

Chief Judge

Associate Judge

Associate Judge